IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-63,315-01






EX PARTE WILLIAM NATHANIEL HUFF, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


FROM CAUSE NO. 2002-8-5810 IN THE 24TH JUDICIAL DISTRICT COURT OF
CALHOUN COUNTY



 

 Per curiam.


 O R D E R



 This is an application for a writ of habeas corpus which was transmitted to this Court 
pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant pleaded guilty
to the offense of aggravated sexual assault of a child, in exchange for ten years of deferred
adjudication community supervision. He later pleaded true to various violations of the terms
of his community supervision, and punishment was assessed at twenty years' confinement. 
No direct appeal was taken. 

 Applicant contends inter alia that he has newly-discovered evidence of his innocence
that the State did not reveal until after he had entered his plea of guilty to the original charges
and his plea of true to the allegations in the motion to adjudicate. Furthermore, Applicant
alleges that his trial counsel was ineffective for failing to investigate or obtain evidence to
support his claim of innocence. Applicant also alleges that counsel told him prior to the entry
of both pleas that the State had DNA test results which inculpated him, when in fact the State
did not have DNA test results until after the original plea. It was not until counsel provided
Applicant with a copy of the test results after the adjudication of guilt that Applicant
allegedly learned that the results were not inculpatory. Applicant contends that he would not
have pleaded guilty or true if he had known the results of the DNA testing.

 The trial court has not entered findings of fact or conclusions of law. We believe that
Applicant has alleged facts that, if true, might entitle him to relief. Therefore, it is this
Court's opinion that additional facts need to be developed and because this Court cannot hear
evidence, the trial court is the appropriate forum. The trial court may resolve those issues
as set out in Tex. Code Crim. Proc. art. 11.07, § 3 (d), in that it may order affidavits,
depositions, or interrogatories from counsel, or it may order a hearing. In the appropriate
case the trial court may rely on its personal recollection. 

 If the trial court elects to hold a hearing, the court should first decide whether
Applicant is indigent. If the trial court finds that Applicant is indigent and Applicant desires
to be represented by counsel, the trial court will then, pursuant to the provisions of Tex.
Code Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 Following receipt of additional information, the trial court shall make findings of fact
as to whether Applicant or his counsel were provided with the results of the DNA testing
prior to the entry of the original plea, or at any time prior to the adjudication of guilt. The
court shall also make findings as to whether counsel ever told Applicant that the State had
test results that inculpated Applicant, and as to whether Applicant ever told counsel that he
was innocent of this offense. The court shall make findings as to what counsel did to
investigate this case prior to the entry of the plea. The court shall make findings as to what
other evidence of Applicant's guilt was introduced in support of Applicant's guilty plea. The
trial court shall also make any further findings of fact and conclusions of law it deems
relevant and appropriate to the disposition of the application for writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. Resolution of the issues
shall be accomplished by the trial court within ninety days of the date of this order. (1) A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
one hundred and twenty days of the date of this order. (2)

 IT IS SO ORDERED THIS THE 18TH DAY OF JANUARY, 2006.





EN BANC

DO NOT PUBLISH 

 
1. In the event any continuances are granted, copies of the order granting the continuance
should be provided to this Court.
2. Any extensions of this time period should be obtained from this Court.